IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **MICHAEL LEWIS,** | § | |
| Petitioner, | § | |
| | § | |
| **VS.** | § | **Civil Action No. 4:14-CV-057-Y** |
| | § | |
| **RODNEY W. CHANDLER, Warden,** | § | |
| **FCI-Fort Worth,** | § | |
| Respondent. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

#### B. PARTIES

Petitioner Michael Lewis, Reg. No. 35452-177, is a federal prisoner incarcerated in the Federal Correctional Institution in Fort Worth, Texas (FCI-Fort Worth).

Respondent Rodney W. Chandler is Warden of FCI-Fort Worth, Texas. No service has issued upon respondent.

C. Procedural History

Pursuant to a plea agreement, petitioner pleaded guilty in this court to one count of distributing crack cocaine and, on January 8, 2007, was sentenced to a term of 240 months' confinement. *United States v. Lewis*, PACER, U.S. Party/Case Index, Criminal Docket for Case # 4:06-CR-00070-Y-1, docket entry nos. 110, 127. Petitioner appealed, but the appeal was dismissed as frivolous. *Id.,* docket entry nos. 33, 155. Petitioner has also filed numerous repetitive motions for reduction of his sentence under 18 U.S.C. § 3582(c) to no avail and appealed said denials. *Id.*, docket entry nos. 150-51, 152, 156, 158, 180, 182-83, 184-85, 188-89. On February 1, 2013, in affirming the most recent such denial, the Fifth Circuit warned petitioner that "filing repetitive or frivolous requests for a § 3582(c)(2) sentence reduction, or appeals from the denial of such requests, will invite the imposition of sanctions." *Lewis v. Chandler*, PACER, U.S. Party/Case Index, Civil Docket for Case # 4:13-cv-00053-Y, docket entry no. 16.

This petition for writ of habeas corpus under § 2241 is petitioner's second habeas petition challenging his 240-month sentence. *Id.*, docket entry no. 1. The prior petition was dismissed for lack of subject matter jurisdiction, and the dismissal was affirmed on appeal. *Id.*, docket entry nos. 9, 16. In the instant petition, petitioner asserts he is actually innocent of the crime and his 240-month sentence in light of the Supreme Court decision in *Alleyne v. United States*, — U.S. —, 133 S. Ct. 2151 (2013). (Pet. at 2-6) In *Apprendi v. New Jersey,* 530 U.S. 466 (2000), the Supreme Court stated, "[A]ny fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. The Supreme Court in *Alleyne*, concluded that "the principle applied in *Apprendi* applies with equal force to facts increasing the mandatory minimum." Thus, any fact that increases a defendant's mandatory minimum sentence must be submitted to a jury to be proved beyond a reasonable doubt. *Alleyne*,

2

133 S. Ct. at 2163.

## D. DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and 28 U.S.C. § 2243 both authorize a habeas corpus petition to be summarily dismissed.[1]  The Court of Appeals for the Fifth Circuit recognizes a district court's authority under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state.  *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999).

Typically § 2241 is used to challenge the manner in which a sentence is executed.  *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000).  Section 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence.  *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990).  Relief under this section is warranted for any error that occurred at or prior to sentencing.  *Id.*

---

[1]Section 2243, governing applications for writ of habeas corpus, provides:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

Rule 4 of the Rules Governing Section 2254 Cases provides:

> The original petition shall be promptly presented to a judge of the district court in accordance with the procedure of the court for the assignment of its business. The petition shall be examined promptly by the judge to whom it is assigned. *If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.*

Rules Governing Section 2254 Cases, Rule 4 (emphasis added).

3

A § 2241 petition attacking a federally imposed sentence may only be considered if the petitioner establishes that the remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000). The burden of demonstrating the inadequacy of the § 2255 remedy rests with the petitioner. *Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001). In order to meet his burden, petitioner must show that (1) his claim is based on a retroactively applicable Supreme Court decision, (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion, and (3) that retroactively applicable decision establishes that he may have been convicted of a nonexistent offense. *Garland v.* Roy, 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena,* 243 F.3d at 904. The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Jeffers*, 253 F.3d at 830; *Pack v. Yusuff,* 218 F.3d 448, 452 (5th Cir. 2000).

Petitioner has neither alleged nor demonstrated that he can meet this standard. The Supreme Court did not declare that *Alleyne* applies retroactively on collateral review, and, given that *Alleyne* is an extension of *Apprendi,* which is not retroactive on collateral review, it is doubtful that *Alleyne* will be. *In re Kemper*, — F.3d —, 2013 WL 5969009, at *1 (5th Cir. Sept. 6, 2013); *Wesson v. U.S. Penitentiary*, 305 F.3d 343, 347 (5th Cir. 2002). Nor does *Alleyne* establish petitioner's actual innocence of the underlying, substantive crime for which he pleaded guilty and was convicted. *Kinder v. Purdy,* 222 F.3d 209, 213-14 (5th Cir. 2000). Because petitioner may not assert the claim raised *via* a § 2241 petition, the petition should be dismissed for lack of jurisdiction.

Further, federal courts have inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for [its] orders, judgments, procedures, and authority." *In re Stone,* 986 F.2d 898, 902 (5th Cir. 1993). Included in such power is the authority to levy sanctions in response to abusive litigation practices. *Id.* Sanctions may be appropriate when

4

a *pro se* litigant has a history of submitting multiple frivolous claims. *See* Fed. R. Civ. P. 11; *Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993). Litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees—indeed, are not entitled to sue and appeal, period." *Brewer v. Cockrell,* No. 3-03-CV-0768-P, 2003 WL 21448362, at *2 (N.D.Tex. May 5, 2003), *rec. adopted,* 2003 WL 21488150 (N.D.Tex. May 15, 2003), *quoting Free v. United States,* 879 F.2d 1535, 1536 (7th Cir. 1989). Appropriate sanctions may include restrictions on the ability to file future lawsuits without leave of court and monetary sanctions. *See id.* (citing cases).

Based on petitioner's history of frivolous and repetitive filings, petitioner should be warned that sanctions will be imposed if he files another writ seeking habeas relief involving his 2007 conviction or sentence in Case Number 4:06-CR-070-Y. In addition to monetary penalties, such sanctions may include an order barring petitioner from filing any civil actions in federal court without obtaining prior authorization from a district judge or magistrate judge. *See Baum v. Blue Moon Ventures, LLC,* 513 F.3d 181, 189 (5th Cir. 2008).

## II. RECOMMENDATION

Based on the foregoing, petitioner's application for writ of habeas corpus should be DISMISSED for lack of jurisdiction. In addition, petitioner should be warned that sanctions will be imposed if he files another writ under § 2241 seeking relief from his 2007 conviction and/or 240-month sentence in Cause Number 4:06-CR-070-Y. Petitioner's application to proceed in forma pauperis is DENIED.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED
### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until February *24*, 2014.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

### IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until February *24*, 2014, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED February _____3_____, 2014.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE