IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| MICHAEL LEWIS,                §<br>    Petitioner,          §<br>                              §<br>VS.                           §<br>                              §<br>RODNEY W. CHANDLER, Warden,   §<br>FCI-Fort Worth,               §<br>    Respondent.            § | CIVIL ACTION NO.4:14-CV-057-Y |

ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS,
DISMISSING PETITION UNDER § 2241 and, WARNING MICHAEL LEWIS
OF POTENTIAL SANCTIONS FOR FURTHER CASES UNDER § 2241

In this action brought by petitioner Michael Lewis under 28 U.S.C. § 2241, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1. The pleadings and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on February 3, 2014; and

3. The petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on March 18, 2014.

The Court, after **de novo** review, concludes that the Petitioner's objections must be overruled, and the petition for writ of habeas corpus under 28 U.S.C. § 2241 should be dismissed for lack of jurisdiction, for the reasons stated in the magistrate judge's findings and conclusions, and for the reasons stated herein.

The Court notes, as listed in the magistrate judge's report, this action is now the second petition for relief under 28 U.S.C. § 2241 filed by Michael Lewis purporting to raise challenges to his conviction in this Court in *United States v. Lewis*, No. 4:06-CR-070-Y(1). The first petition was dismissed for lack of jurisdic-

tion on February 21, 2013. *Lewis v. Chandler,* No.4:13-CV-053-Y. Lewis filed a direct appeal, but the United States Court of Appeals for the Fifth Circuit affirmed.[1] This case too, will be dismissed for lack of jurisdiction. These cases were filed, as noted in the report, after Lewis's extensive post-judgment history of filing motions for reduction of sentence under 18 U.S.C. § 3582(c)(2), such that the Court will also adopt the recommendation to warn Lewis of the potential for imposition of sanctions.

In his objections, Lewis continues to makes the argument that this Court erred in considering facts outside the scope of his actual crime of conviction, thus resulting in a fundamental miscarriage of justice addressable under § 2241. Such claims are just restatements of arguments Lewis has already presented and that have been rejected by this Court and the United States Court of Appeals for the Fifth Circuit.[2]

Furthermore, within his objections Lewis also refers to a motion to amend the pleading in this action, with a citation to 28 U.S.C. § 2255. Courts have consistently held that the inability to meet the AEDPA's gatekeeping requirements does not make the § 2255 remedy inadequate or ineffective under the 28 U.S.C § 2255(e), the "savings clause," to justify a challenge to a conviction under §

---

[1] *Lewis v. Chandler,* No.13-10256, 2013 WL 6054406 (5th Cir. Nov. 18, 2013).

[2] *Id.*

2

2241.[3] Because the Court is without jurisdiction over this § 2241 proceeding, and because Lewis has not actually presented a motion under 28 U.S.C. § 2255, Lewis's reference to a motion for leave to amend under § 2255 is DENIED, without prejudice to Lewis's right to seek such relief, except as to any application of the statute of limitations set forth in 28 U.S.C. § 2255 (f)(1)-(4).[4]

Therefore, the findings, conclusions, and recommendation of the magistrate judge are ADOPTED.

Petitioner Michael Lewis's petition for writ of habeas corpus under 28 U.S.C. § 2241 is DISMISSED for lack of jurisdiction. Michael Lewis, BOP No. 35452-177, is warned that any future filings submitted under 28 U.S.C. § 2241 challenging the conviction and/or 240 month sentence he received in this Court in case number 4:06-CR-070-Y, may result in the imposition of sanctions, including monetary sanctions or a bar to filing any civil actions in federal court without first obtaining prior authorization from a district judge or magistrate judge.

SIGNED April 16, 2014.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[3] *See Williams v. Holder,* 471 F. App'x 318, 2012 WL 1991764, at * 1 (5th Cir. 2012)("Procedural barriers to obtaining relief under § 2255, such as the period of limitations of restrictions on successive filings, do not make that sections's remedy inadequate or ineffective for purposes of the savings clause") (citations omitted.)

[4] Lewis has not previously sought relief under 28 U.S.C. § 2255. To the extent he now wishes to do so, the timeliness of the filing of any such motion will be controlled by 28 U.S.C. § 2255 (f)(1)-(4).